IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEE A. HOLLAAR and AUDREY M. HOLLAAR,<br><br>Plaintiff,<br><br>v.<br><br>MARKETPRO SOUTH, INC., a Maryland corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:22-CV-559 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs own a condominium unit in Washington D.C. (the "subject property"). Defendant sent Plaintiff an unsolicited letter stating that it was interested in purchasing the subject property. The parties eventually entered a Contract for the Sale and Purchase of Real Estate whereby Defendant agreed to purchase the subject property for $650,000. However, just days later, Defendant informed Plaintiffs that they would not be moving forward with the purchase. Plaintiffs bring suit for breach of contract and breach of the covenant of good faith and fair dealing.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as

1

the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

### III. DISCUSSION

Before addressing the merits, the Court must determine what law applies to this dispute. A federal court exercising diversity jurisdiction applies the choice-of-law rules of the forum state.[10] Because this court's forum state is Utah, Utah's choice-of-law principles apply. In contract disputes, Utah follows the Restatement (Second) of Conflict of Laws' "most significant relationship" test.[11] In applying that test, the Court looks to (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.[12] When dealing with transfers of real property, the state with the most signification relationship is generally the state in which the property is situated.[13] Here, because the condominium at issue is located in the District of Columbia, the Court will apply the District of Columbia Code.

---

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[10] *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

[11] *Am. Nat'l Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 190 (Utah 1996) (holding "that the most significant relationship test . . . is the appropriate rule for Utah courts to apply to a conflict of laws question in a contract dispute"); Restatement (Second) of Conflict of Laws § 188.

[12] Restatement (Second) of Conflict of Laws § 188.

[13] *Id.* § 223.

The provisions of the D.C. Condominium Act "apply to all condominiums created in the District of Columbia."[14] When a condominium owner seeks to sell their unit (the "seller"), they must obtain certain documents—condominium instruments and certificate—from the unit owners' association.[15] The seller must then provide the condominium instruments and certificate to the purchaser "on or prior to the 10th business day following the date of execution of the contract of sale by the purchaser."[16] If they "are not furnished to the purchaser on or prior to the 10th business day following the date of execution of the contract of sale by the purchaser, the purchaser shall have the right to cancel the contract by giving notice in writing to the seller prior to receipt of the condominium instruments and certificate, but not after conveyance under the contract."[17] Once they are provided, the purchaser may "cancel the contract by giving notice in writing and returning the condominium instruments and certificate to the seller."[18]

Here, the contract for sale was executed on January 25, 2022, making Plaintiffs' condominium instruments and certificate due on or before February 8, 2022. However, prior to that date, on February 2, 2022, Defendant cancelled the contract. Defendant argues that under D.C. Code they had the right to cancel the contract because Plaintiffs had yet to provide the condominium instruments and certificate. Plaintiffs, on the other hand, argue that Defendant only had the right to cancel if Plaintiffs failed to provide the condominium instruments and certificate

---

[14] D.C. Code § 42-1901.01(a).
[15] *Id.* § 42-1904.11(a).
[16] *Id.*
[17] *Id.* § 42-1904.11(a-1)(1).
[18] *Id.* § 42-1904.11(a-1)(2).

by February 8 and did not have the right to cancel on February 2. Considering the text, Defendant has the better argument.

Admittedly, the provision at issue is not a model of clarity. Yet Plaintiffs' interpretation includes a limitation that is simply not contained in the text. Plaintiffs argue that a purchaser cannot cancel a contract until the 10 business days to provide the condominium instruments and certificate have run. That is, the right to cancel arises if, and only if, a seller has not provided the condominium instruments and certificate by the 10th business day. But this is not how the statute is written. Had the drafters sought to limit cancellation to the scenario envisioned by Plaintiffs, it would have been simple to do: "The purchaser shall have the right to cancel the contract by giving notice in writing to the seller if, after the 10th business day following the date of execution of the contract of sale, the condominium instruments and certificate have not been furnished." Indeed, Plaintiffs attempt to shore up their interpretation by rewriting the statute to be an if-then sentence.[19]

However, the provision is not written this way. Instead, when read as a whole, the provision provides a window of up to ten days where a purchaser has a right to cancel the contract, so long as the condominium instruments and certificate have not been provided. Nothing in the statute suggests that a purchaser must wait until after the 10-day period expires before cancellation. This interpretation is bolstered by the next subsection, which provides for a 3-day period of cancellation after receipt of the condominium instruments and certificate, regardless of whether they were provided during the initial 10-day period.[20]

---

[19] Docket No. 17, at 16.

[20] *Id.* § 42-1904.11(a-1)(2).

Some illustrations help illuminate how these provisions interact. In the first example, the seller provides the condominium instruments and certificate the same day as the execution of the contract of sale. In that case, the buyer's right of cancellation under § 42-1904.11(a-1)(1) is immediately extinguished and the 3-day cancellation period in § 42-1904.11(a-1)(2) begins. In the second example, the seller provides the condominium instruments and certificate 11 business days after the execution of the contract of sale. Unless the purchaser had previously notified seller of its intent to cancel, purchaser's right to cancel under § 42-1904.11(a-1)(1) is once again extinguished because notice was not given "prior to the receipt of the condominium instruments and certificate."

Plaintiffs' interpretation would render superfluous that portion of § 42-1904.11(a-1)(1) that requires notice of cancellation be given prior to the receipt of the condominium instruments and certificate. But this portion is important because § 42-1904.11(a-1)(2) allows for the possibility that the receipt of the condominium instruments and certificate may occur after the initial 10-day period and allows for a different cancellation period "whether or not such receipt occurs within the time period described in" § 42-1904.11(a-1)(1). By providing notice, a purchaser forecloses the possibility that a seller may seek to continue the sale by belatedly providing the condominium instruments and certificate. Plaintiffs' interpretation ignores this interplay.

In sum, the only real limit imposed by § 42-1904.11(a-1)(1) is that any notice of cancellation be given prior to the receipt of the condominium instruments and certificate. There is no dispute that Defendant did so here. Plaintiffs argue that Defendant is attempting to "game the system" because it did not cite this provision as the basis for cancelling the contract.

However, nothing in the code requires Defendant to provide a reason for cancellation, whether before or after receipt of the condominium instruments and certificate. The fact that Defendant cited other reasons for their decision to cancel the contract is beside the point. Defendant had the right to cancel their contract under the law and they did.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 13) is GRANTED.

DATED this 11th day of January, 2023.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge