IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEE A. HOLLAAR and AUDREY M. HOLLAAR,<br><br>               Plaintiffs,<br><br>v.<br><br>MARKETPRO SOUTH, INC., a Maryland corporation,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:22-CV-559 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Attorney's Fees. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiffs own a condominium unit in Washington D.C. Defendant sent Plaintiff an unsolicited letter stating that it was interested in purchasing the subject property. The parties eventually entered a Contract for the Sale and Purchase of Real Estate (the "Contract") whereby Defendant agreed to purchase the subject property for $650,000. However, Defendant later informed Plaintiffs that they would not be moving forward with the purchase. Plaintiff brought suit for breach of contract and breach of the implied covenant of good faith and fair dealing. The Court previously entered judgment in favor of Defendant, finding that Defendant had a statutory right to terminate the contract. Defendant now seeks its attorney's fees under the Contract.

## II.  DISCUSSION

"[I]n this circuit, the matter of attorney's fees in a diversity suit is substantive and is controlled by state law."[1] Applying Utah's choice-of-law principles, the Court previously found that District of Columbia law governs this dispute.[2] Under District of Columbia law, "where a contractual agreement expressly provides for the payment of attorney's fees, the trial court's discretion is limited to ascertaining what amount constitutes a 'reasonable' fee award."[3] "Otherwise put, absent public policy considerations or other unusual circumstances, the duty of the trial court is to give meaning to the full agreement of the parties, as interpreted by controlling case law."[4]

Section 7 of the Contract provides: "The prevailing party in any legal proceeding brought under or with respect to the transaction described in this contract is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees."[5] "Such a provision will generally be enforced so long as it does not reimburse a party for greater than reasonably incurred expenses."[6]

Plaintiffs argue that Defendant is not entitled to its fees because the Court decided this matter on the basis of a District of Columbia statute, rather than the Contract. However, Plaintiffs

---

[1] *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997).

[2] Docket No. 26, at 3.

[3] *Concord Enters., Inc. v. Binder*, 710 A.2d 219, 225 (D.C. 1998) (quoting *Cent. Fid. Bank v. McLellan*, 563 A.2d 358, 360 (D.C. 1989)).

[4] *Id.* (quoting *McLellan*, 563 A.2d at 360).

[5] Docket No. 2-1, at 17.

[6] *Concord Enters., Inc.*, 710 A.2d at 225.

read a limitation into the attorney's fees provision that is simply not present. It cannot be realistically argued that this action was anything other than a "legal proceeding brought under or with respect to the transaction described in" the Contract. Plaintiffs' entire Complaint is based on their belief that Defendant breached the Contract by failing to move forward with the purchase. Plaintiffs' argument that the Court's decision to rule on the statutory argument, rather than the contractual argument, somehow negates the attorney's fee provision is simply not tenable.

Plaintiffs make a cursory argument that Defendant's requested attorney's fees should be adjusted downward, but they fail to engage in any meaningful analysis. As noted above, because Defendant's entitlement to attorney's fees arises as a result of the parties' contract, the Court's discretion in determining the proper award attorney's fees is limited with an eye toward giving meaning to the full agreement of the parties. The Court has carefully reviewed Defendant's submission and concludes that the award sought is reasonable.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Attorney's Fees (Docket No. 28) is GRANTED. Defendant is awarded $31,519.00 in attorney's fees and $847.10 in per diem non-attorney fee cost reimbursement, totaling $32,366.10.

DATED this 6th day of March, 2023.

BY THE COURT:

Ted Stewart
United States District Judge