IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEE A. HOLLAAR, an individual, and AUDREY M. HOLLAAR, an individual,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>MARKETPRO SOUTH, INC, a Maryland corporation,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING ATTORNEY'S FEES<br><br>Case No. 2:22-cv-559-TS<br><br>Judge Ted Stewart |

　　　　This matter is before the Court on Defendant MarketPro South, Inc.'s Motion for Attorney Fees.[1] For the reasons discussed below the Court will grant the Motion.

I.  BACKGROUND

　　　　Defendant MarketPro South Inc. sent Plaintiffs Lee and Audrey Hollaar an unsolicited letter stating its interest in purchasing a condominium unit owned by Plaintiffs in Washington DC. The parties eventually entered into a Contract for the Sale and Purchase of Real Estate ("the Contract") whereby Defendant agreed to purchase the subject property for $650,000. However, Defendant later informed Plaintiffs that they would not be moving forward with the purchase. Plaintiff brought suit for breach of contract and breach of the implied covenant of good faith and fair dealing. The Court entered judgment in favor of Defendant on January 11, 2023, after the Court issued an order granting Defendant's motion to dismiss on the basis that Defendant had a statutory right to terminate the contract. Defendant subsequently filed a motion to recover its

---

[1] Docket No. 66.

attorney's fees under the Contract, and the Court granted the motion awarding Defendant $32,366.10.

Plaintiffs appealed the Court's dismissal to the Tenth Circuit. The Tenth Circuit affirmed the Court's dismissal and issued a separate order granting Defendant's motion for attorneys fees and remanding to this Court to consider "the amount of appellate attorneys' fees reasonably and necessarily incurred."[2] Defendant subsequently submitted affidavits and billing invoices in support of its request for an award of $45,335.41 in attorney's fees in addition to that previously awarded. Plaintiffs filed an opposition arguing that Defendant's requested fees are not necessarily incurred or reasonable.

## II.  DISCUSSION

As previously stated, the Tenth Circuit has already determined fees should be awarded to Defendant and has tasked this Court with determining the amount of fees "reasonably and necessarily incurred." "[I]n this circuit, the matter of attorney's fees in a diversity suit is substantive and is controlled by state law."[3] Applying Utah's choice-of-law principles, the Court previously found that District of Columbia law governs this dispute.[4] Under District of Columbia law, "where a contractual agreement expressly provides for the payment of attorney's fees, the trial court's discretion is limited to ascertaining what amount constitutes a 'reasonable' fee award."[5]

---

[2] Docket No. 56, at 1.

[3] *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997).

[4] Docket No. 26, at 3.

[5] *Concord Enters,. Inc. v Binder*, 710 A.2d 219, 225 (D.C. 1998) (quoting *Cent. Fid. Bank v. McLellan*, 563 A.2d 358, 360 (D.C. 1989)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[6] "In determining the number of hours reasonably expended, billing judgment must be exercised, and hours that are 'excessive, redundant or otherwise unnecessary' must be excluded."[7]

"[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"[8] Plaintiffs do not take issue with the hourly rate used by Defendant's attorneys. Defendant's attorneys have submitted affidavits supporting that the fees assessed in this case are based on their usual billing rate and are at or below the Laffey Matrix rate. Therefore, the Court finds the hourly rates supporting the requested fees to be reasonable.

The Court next looks to the number of hours expended to assess for reasonability. Plaintiffs first argue that not all the fees Defendant seeks were necessarily incurred "because they are only distantly related to the two oppositions that [Defendant] filed with the Tenth Circuit [and] [s]ome don't even seem to be related to the case at all."[9] The Contract between the parties contemplates that the prevailing part will receive "all costs of such proceeding and reasonable attorney's fees."[10] Therefore, that some fees are related to time spent on matters other than the appellate brief does not make those fees unrecoverable under the terms of the parties' agreement.

---

[6] *Henderson v. D.C.*, 493 A.2d 982, 999 (D.C. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[7] *Id.* (quoting *Hensley*, 461 U.S. at 434).

[8] *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) (quoting *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)).

[9] Docket No. 68, at 5.

[10] Docket No. 2-1, at 17.

Instead, the fees need only be related to the legal proceeding, which appears to be the case for the requested fees.

Plaintiffs next argue fees should be denied because Defendant offers no explanation for the necessity of any fee. Here, Defendant submitted affidavits and invoices explaining the work accomplished for the billed time. The D.C. Circuit has explained that an "[o]utright denial" of fees, like that seemingly requested by Plaintiffs, "may be justified when the party seeking fees declines to proffer any substantiation in the form of affidavits, timesheets or the like, or when the application is grossly and intolerably exaggerated, or manifestly filed in bad faith."[11] "Quite obviously, however, the fee application and supporting documentation in the case at bar are not of this nature, and cannot be characterized as manifestly inadequate."[12] The submissions provided by Defendant's attorneys include an hourly time log and a reasonable explanation as to what work was done during that time. These provide a sufficient basis for the Court to assess the reasonability of the requested fees. Requiring further explanation regarding the "necessity" of the work performed in support of the litigation proceedings is not supported by the controlling case law.[13]

Plaintiffs also take issue with certain fees included that Defendant previously agreed to exclude before the Tenth Circuit: namely a "professional courtesy discount" of $770.00, and a $1,400.00 reduction, which Defendant agreed to after Plaintiffs argued it was due to Defendant's

---

[11] *Jordan v. U.S. Dep't of Just.*, 691 F.2d 514, 518 (D.C. Cir. 1982) (citations omitted).

[12] *Id.* (internal quotation marks and citations omitted).

[13] *Tenants of 710 Jefferson St., NW v. D.C. Rental Hous. Comm'n*, 123 A.3d 170, 189 (D.C. 2015) (finding that where "the attorney broke down her time entries into short segments, with descriptions" such as "worked on first draft of brief" or "revised and sent new draft to [outside counsel]" were "sufficiently descriptive and precise to make an independent determination whether or not the hours claimed [were] justified") (internal quotation marks and citations omitted).

4

own mistake. Defendant responds that it has included more than the $770.00 discount previously included by reducing the hours of Defendant's attorney, Mr. Zhou, by 4.7 hours as well as deducting the $175.00 fee related to pro hac vice processing. Defendant does not address the $1,400.00 Plaintiffs allege Defendant waived. Because Defendant does not respond to Plaintiffs' assertion that Defendant had previously agreed to forfeit this $1,400.00, the Court will reduce the award by $1,400.00.

Finally, Plaintiffs "question[] whether the time [Defendant's] attorneys spent on their appellee brief was reasonable in light of the time they had spent on a directly-comparable motion in this Court."[14] Specifically, Plaintiffs assert that Defendant's opposition to Plaintiffs' Motion for Summary Judgment "essentially raises the same arguments that they injected into [the] appeal."[15] Further, Plaintiffs assert that they spent about $10,000.00 in attorneys' fees for preparation of their appellate brief, which was similar to what Defendant had spent on the preparation up until the day the brief was due and "it appears that they didn't like what they had produced and had a one-day, 18.9 hour, brief-a-thon before eventually filing that evening."[16]

D.C. courts have rejected similar arguments, finding, "even if a party is defending the order appealed, an appellate brief has to conform to court requirements and is targeted to an appellate panel; it is not simply a repetition of what has been submitted in the previous forum."[17] "We expect that attorneys who appear before [an appellate court] will spend time reviewing the record, researching the law in depth, and crafting arguments that are clear and concise."[18] After

---

[14] Docket No. 68, at 7.

[15] *Id.* at 8.

[16] *Id.*

[17] *Tenants of 710 Jefferson St.* 123 A.3d at 190.

[18] *Id.* at 191.

careful review of the submissions by Defendant's attorneys, the Court does not find the time billed in preparing a response to Plaintiffs' appeal to be unreasonable.

Upon careful review of the submissions of Defendant's attorneys, the Court does not otherwise find any evidence of excessive, redundant or otherwise unnecessary fees assessed by Defendant's attorneys. Further, upon consideration of the factors set forth in *Fraier v. Franklin Investment Co.*,[19] the Court finds that the fees requested are reasonable. Accordingly, the Court will grant Defendant's motion and award the full amount of fees sought, less $1,400.00.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant is awarded $43,505.50 in attorneys' fees and $429.91 in costs, in addition to that previously awarded, to be paid by Plaintiffs; It is further

ORDERED that Defendant's Motion for Attorneys Fees (Docket No. 66) is GRANTED.

DATED August 28, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[19] 468 A.2d 1338, 1342 n.2 (D.C. 1983).